**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PHIL KLIMAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-cv-67-CVE-JFJ |
| | ) |
| AMERICAN NATIONAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT AMERICAN NATIONAL INSURANCE COMPANY'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant, American National Insurance Company ("ANICO"), pursuant to Fed. R. Civ. P. 12(b)(6), submits this Motion to Dismiss and Brief in Support. In his Petition ("Complaint"),[1] Plaintiff Phil Klimas ("Plaintiff") alleges that he experienced discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff's claims are unsupported by the allegations of Plaintiff's own Complaint. ANICO submits that dismissal is proper and, in support thereof, states as follows:

**INTRODUCTION**

Plaintiff was an independent insurance sales agent for ANICO. In his Complaint, Plaintiff alleges that he was subjected to discrimination and retaliation in violation of the ADEA. For numerous reasons, Plaintiff's claims are factually and legally flawed. At this early juncture, Plaintiff's Complaint is subject to dismissal because it fails to present any facts to support his claims. While not required to muster *all* facts in support of his claims, Plaintiff is required to demonstrate that *some facts exist* relative to his claims. Here, in the absence of those facts,

---

[1] Plaintiff's state court filing prior to ANICO's removal of the action was styled a Petition in accordance with state court practice. That filing is referred to herein as a "Complaint," pursuant to the Federal Rules of Civil Procedure.

Plaintiff has not plausibly plead a claim under the ADEA and the Court should respectfully dismiss the Complaint.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff initiated the current action by filing the Complaint against ANICO on September 28, 2022. *See* Complaint, Doc. No. 2-2 ("Complt.").

2. In his Complaint, Plaintiff states he "worked for ANICO as an insurance sales agent." Complt. at ¶ 6.

3. Plaintiff alleges that, "based on comments made by his supervisor," he "understood the company wanted to give his clients to a younger agent and wanted Plaintiff to retire." *Id.* at ¶¶ 7, 13. He then states that he "was being pushed to retire or face termination due to his age." *Id.* at ¶ 8. His ultimate "termination," according to Plaintiff, was motivated in substantial part by his age." *Id.* at ¶ 16.

4. For his second cause of action, Plaintiff alleges he "engaged in protected opposition to discrimination when he complained about the discriminatory comments and discipline based on his age." *Id.* at ¶ 19. According to Plaintiff his "terminat[ion]" occurred ten days after his "formal complaint." *Id.*

5. The foregoing comprises the extent of Plaintiff's allegations through which he asserts claims for discrimination and retaliation. The Complaint fails in the following respects:

- Plaintiff does not allege that he was over the age of 40;
- Plaintiff does not allege he had an employment relationship with ANICO, as required for application of the ADEA (and such relationship did not exist);
- Plaintiff does not allege that age was the but-for cause of the "termination" of his insurance sales relationship with ANICO;
- Plaintiff does not allege any facts to support a plausible claim for age discrimination; and
- Plaintiff does not allege any facts to support a plausible claim for retaliation.

2

**BRIEF IN SUPPORT**

 I.      **Legal Standards**

Under Federal Rules of Civil Procedure 8(a)(2), a plaintiff is to include in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, Plaintiff has failed to meet this burden and his Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court's function on a Rule 12(b)(6) motion is "to assess whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted." *Ramer v. Crain*, No. 16-CV-754-JED-FHM, 2019 WL 4602816, at *1–2 (N.D. Okla. Sept. 23, 2019) (citing *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014)). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff <u>pleads factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). If the facts in the complaint permit the court to infer merely the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679.

In assessing plausibility of a claim, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Brokers' Choice*, 757 F.3d at 1165. However, the court is not bound to accept an allegation as true when it amounts to no more than a legal conclusion masquerading as fact. *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (quotations omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces

. . . demands more than an unadorned, the defendant-unlawfully-harmed me accusation."). A complaint does not suffice if it merely "tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotations omitted).

**II.   Discussion**

Plaintiff's Complaint is comprised of two basic claims: a federal claim for age discrimination, and a federal claim for retaliation. Neither meet the plausibility standards set forth above.

**A.   Age Discrimination**

The ADEA provides that it shall be unlawful for an employer to "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's age.*" 29 U.S.C. § 623 (emphasis added). The prohibitions of the ADEA apply to persons 40 and older. *Id.* at § 631. "To establish a prima facie case of age discrimination, a plaintiff must show: (1) that she is within the protected age group; (2) that she suffered an adverse employment action; (3) that she was qualified for the position; and (4) she was treated less favorably than others not in the protected class." *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1279 (10th Cir. 2010); *see also Bostic v. City of Jenks*, No. 19-CV-0541-CVE-JFJ, 2020 WL 3065915, at *7 (N.D. Okla. June 9, 2020). To succeed on an ADEA claim, a plaintiff must ultimately prove that age was the "but for" cause of the adverse employment action. *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010); *Ramer*, 2019 WL 4602816, at *1-2.

"[T]he elements of a prima facie case [are] a useful tool for evaluating the plausibility of a plaintiff's discrimination claim." *Ramer*, 2019 WL 4602816, at *3. Without "facts tending to establish this initial inference, plaintiff is not entitled to the presumption of discrimination . . . ."

*Id.* "Thus, although a plaintiff need not plead facts establishing a prima facie case, he must plead some facts that support an inference of discrimination." *Id.* As an initial matter, Plaintiff has not alleged that he was over the age of 40 and thus a member of the class protected by the ADEA. *See generally*, Complt. For that reason alone, Plaintiff's claim for age discrimination fails. Further, Plaintiff has not alleged that he was "an employee" of ANICO such that he could have experienced an "adverse employment action." Finally, Plaintiff has not shown any facts – beyond mere conclusory recitation of elements – that support even an inference of discrimination.

With respect to the issue of "employment" relationship, "[t]he relevant section of the ADEA makes it unlawful "for an employer ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The ADEA defines "employee" as, "an individual employed by any employer." 29 U.S.C. § 630(f); *see also Oestman v. Nat'l Farmers Union Ins. Co.*, 958 F.2d 303, 304 (10th Cir. 1992). Absent a covered employment relationship, ADEA liability does not attach. *See generally Oestman*. More particularly, the ADEA does not reach independent contractors. *Id*. Here, Plaintiff has not alleged the existence of a covered employment relationship with ANICO, *i.e.* that he was an employee of ANICO. The reason for that omission is that no such employment relationship existed. Rather, Plaintiff was an insurance sales agent of ANICO (Complt. at ¶ 6). Courts considering that position in the context of federal discrimination claims have routinely determined it be one of an independent contractor. *See e.g. Oestman*, 958 F.2d 303; *Lockett v. Allstate Ins. Co.*, 364 F. Supp. 2d 1368, 1380 (M.D. Ga. 2005); *Thomason v. Prudential Ins. Co. of Am.*, 866 F. Supp. 1329, 1336 (D. Kan. 1994); *Pajor-Flores v. Am. Income Life Ins. Co.*, No. 16-CV-01992-CMA-KMT, 2017 WL 6033689, at *5 (D. Colo. Oct. 31, 2017).  While Plaintiff's employment status may ultimately be

a determination for summary judgment, the absence of *any* facts supporting even an inference of an employment relationship (a requirement to enforce the ADEA) is fatal to Plaintiff's claims.

In addition to lacking allegations of the requisite age and employment relationship, Plaintiff's scant Complaint lacks sufficient facts to give rise to an inference of discrimination. "[A] plaintiff asserting an age discrimination claim under the ADEA retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 177 (2009); *see also Bostic*, 2020 WL 3065915, at *7 (finding plaintiff's allegations are not sufficient to support an inference that age was the "factor that made a difference" in the decision to terminate her employment). As this Court explained in *Ramer*, "termination is certainly an adverse employment action." *Id.* However, the *Ramer* plaintiff failed to allege facts showing that his firing took place under circumstances giving rise to an inference of discrimination. The same is true for this Plaintiff.

In the context of another type of discrimination claim (analogous for purposes of this Motion), the Tenth Circuit explained the type of fact pleading necessary to establish a plausible claim:

> We agree with the district court that Plaintiff's allegations are the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*. Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss. While "[s]pecific facts are not necessary," **some facts are**.
>
> There is no context for when Plaintiff complained, or to whom. There are no allegations of similarly situated employees who were treated differently. There are no facts relating to the alleged discrimination. There is no nexus between the person(s) to whom she complained and the person who fired her. Indeed, there is nothing other than sheer speculation to link the arm-grabbing and/or termination to a discriminatory or retaliatory motive. And finally, Plaintiff alleges nothing that would link her request for FMLA leave, which she provides no details about, to her termination.

6

> While we do not mandate the pleading of any specific facts in particular, **there are certain details the Plaintiff should know** and could properly plead to satisfy the plausibility requirement. For instance, Plaintiff should know **when** she requested FMLA leave and for **what** purpose. She should know **who** she requested leave from and **who** denied her. She should know generally **when** she complained about not receiving leave and **when** she was terminated. She should know details about **how** Defendant treated her compared to other non-Arabic or non-Muslim employees. She should know the reasons Defendant gave her for termination and **why** in her belief those reasons were pretextual. She should know **who** grabbed her by the arm, **what** the context for that action was, and **when** it occurred. She should know **why** she believed that action was connected with discriminatory animus. She should know **who** she complained to about the discrimination, **when** she complained, and **what** the response was. She should know **who** criticized her work, **what** that criticism was, and **how** she responded. But in fact, **Plaintiff offers none of this detail**. To be sure, we are not suggesting a court necessarily require each of the above facts. But a plaintiff must include some further detail for a claim to be plausible. Plaintiff's claims are based solely on the fact that she is Muslim and Arab–American, that she complained about discrimination, that she complained about the denial of FMLA leave, and that Defendant terminated her. Without more, her claims are not plausible under the Twombly/Iqbal standard.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1193-1194 (10th Cir. 2012) (internal citations omitted) (emphasis added).

The outcome for this Plaintiff should be no different than that in *Khalik*. The fundamental "who, when, what, and why" facts are absent from Plaintiff's Complaint. For example, Plaintiff's "Statement of Facts" does not allege: why he "understood" ANICO wanted to give his clients to a younger agent or what precisely his "understanding" was; who the younger agent was that ANICO allegedly wanted to take his clients; when he acquired his "understanding"; who Plaintiff's "supervisor" was; when and what his "supervisor" told him about retirement; and why he felt he was being "pushed to retire or face termination" or any facts whatsoever giving rise to that statement. *See* Complt. at ¶¶ 5-10. Plaintiff's First Claim for Relief similarly fails to include any facts identifying the "discriminatory comments and discipline" he allegedly experienced. *See* Complt. at ¶ 14. Without at least some of these facts, the Court cannot conclude there is a

reasonable inference of discrimination. *See e.g. Bostic*, 2020 WL 3065915, at *7 (N.D. Okla. June 9, 2020) ("The Court find that plaintiff has not alleged a plausible claim of age discrimination, because she has not alleged sufficient facts to suggest that age was a significant factor in the decision to terminate her employment.").

Lastly, Plaintiff fails to allege that his age was the "but-for" cause of discrimination. Rather, Plaintiff alleges that his "termination was motivated in substantial part by his age." Complt. at ¶ 16. Plainly, that is not the standard for an ADEA claim and his claim fails as a result. *See supra*, *Jones* and *Ramer*; *see also Wilbanks v. Nordam Grp., Inc.*, No. 09-CV-0572-CVE-TLW, 2010 WL 4272581, at *10 (N.D. Okla. Oct. 25, 2010) (Plaintiff "must show that [the defendant] would not have fired her, despite any of their proffered reasons for termination, but for her age.").

### B.     ADEA Retaliation

Plaintiff's retaliation claim is similarly deficient. In order to state a prima facie case of retaliation, a plaintiff must demonstrate that: "(1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008); *see also Wilbanks*, 2010 WL 4272581, at *8. While not pleading requirements, the prima facie elements are a useful aid for the Court's determination of plausibility. Case law interpreting those elements further illustrates the types of facts a plaintiff can and should plead in order to demonstrate a plausible claim. For example, to qualify as protected opposition, the employee must convey to the employer that the employer has engaged in a practice in violation of the ADEA, in contrast to general complaints about company management, negative evaluations or

the like. *Hinds*, at 1203. To establish the causal connection element, the plaintiff must show the employer was motivated by a desire to retaliate for his protected activity and thus, must reasonably show that those who took action (like termination) had knowledge of the protected activity. *See Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1218 (10th Cir. 2003).

Once again, as a threshold matter, Plaintiff has not alleged he is over the age 40 and thus a member of the class protected by the ADEA. Plaintiff has also not alleged facts to support the existence of an employment relationship between him and ANICO. As such, he has not alleged he suffered an adverse "employment" action. Plaintiff has also not alleged adequate facts to support a reasonable inference of retaliation. *See supra*, *Iqbal*. In Paragraph 19 of the Complaint (the only paragraph providing the "factual" bases of his retaliation claim), Plaintiff does not provide information about: when he complained about "discriminatory comments" and "discipline;" to whom he complained; what he complained about (whether specific to an unlawful practice under the ADEA or about more general complaints); who terminated him, when he was terminated, and for what stated reason he was terminated; or anything about the circumstances which led Plaintiff to believe that his "termination" was a result of his complaint. Ultimately, Plaintiff has done nothing more than cite elements of a retaliation claim – *i.e.* "engaging in protected opposition," "termination in direct response," and "retaliate[ion] against him for engaging in protected activity." As a matter of well-established law, that is insufficient to state a plausible claim.

### III.   Conclusion

Plaintiff's causes of action are premised on the ADEA, which is applicable only to employees (in contrast to independent contractors) aged 40 or older. Plaintiff's Complaint does not allege he is over 40 and does not allege he was an employee of ANICO such that he could be

9

subjected to adverse "employment" actions. Further, Plaintiff's Complaint does not suffice under *Iqbal* – as this Court has applied it – to state a plausible claim for discrimination or retaliation. While the pleading standard may be lenient, it is a standard nevertheless and requires Plaintiff identify sufficient factual circumstances to state a claim. The *possibility* of misconduct by ANICO is insufficient, as are mere accusations that "ANICO-unlawfully-harmed Plaintiff." *See Iqbal*. Based on the ample authority described above, Plaintiff has not plausibly stated a claim under the ADEA.

**WHEREFORE**, ANICO requests that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Dated this 28th day of February, 2023.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Kristen P. Evans*
William W. O'Connor, OBA No. 13200
Kristen P. Evans, OBA No. 30210
521 East 2nd Street, Suite 1200
Tulsa, OK  74120
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
boconnor@hallestill.com
kevans@hallestill.com

**ATTORNEYS FOR DEFENDANT, AMERICAN NATIONAL INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I certify on the 28th day of February, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen
Mark A. Smith

**ATTORNEYS FOR PLAINTIFF**

                                      *s/Kristen P. Evans*
                                      Kristen P. Evans

5473622.1:007235.00003