UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PHIL KILMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-0067-CVE-MTS |
| | ) | |
| AMERICAN NATIONAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant American National Insurance Company's Motion to Dismiss and Brief in Support (Dkt. # 7). Defendant American National Insurance Company (American) argues that plaintiff has failed to allege basic and essential facts in support of his age discrimination and retaliation claims, and American asks the Court to dismiss's plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Plaintiff acknowledges that he did not make detailed factual allegations, but he responds that his allegations adequately give notice of the basis for his claims. Dkt. # 13.

Plaintiff alleges that he worked for American for 34 years as an insurance sales agent, and he "understood the company wanted to give his clients to a younger agent." Dkt. # 2-2, at 2. Plaintiff does not elaborate as to what facts gave rise to this understanding, but he claims that he was encouraged to retire due to his age. Id. Plaintiff alleges that several other agents were treated in a similar fashion under the excuse that American was reducing its workforce, but he claims that younger agents were not terminated as part of a reduction in force. Id. at 3. Plaintiff also alleges that he engaged in "protected opposition to discrimination when he complained about the discriminatory

comments and discipline based on his age." Id. at 4. Plaintiff alleges ADEA claims against American under theories of disparate treatment and retaliation.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

American argues that plaintiff has failed to adequately allege necessary facts in support of an age discrimination claim, such as his age, the existence of an employment relationship with

2

American, and basic facts supporting an inference that American intentionally engaged in discriminatory conduct. American cites Khalik v. United Air Lines, 671 F.3d 1188 (10th Cir. 2012), in which the Tenth Circuit explained that a plaintiff alleging an employment discrimination claim must state sufficient facts to allege a plausible claim, although this does not necessarily require a plaintiff to allege each element of a prima facie claim of discrimination in the complaint. Id. at 1193. Conclusory allegations will not be considered sufficient to state a claim under federal anti-discrimination statutes, and a plaintiff must allege some facts identifying who committed the discriminatory acts, when these acts occurred, and why these facts show that the plaintiff was treated differently than other similarly situated employees. Id. at 1193-94. However, the Tenth Circuit has explained that specificity of the factual allegations depends on the context of the claims, and a plaintiff may be able to state a claim without making such detailed factual allegations in every case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

Plaintiff acknowledges that he has not made detailed factual allegations, but he asserts that his allegations permit inferences as to the essential facts needed to state claims of age discrimination and retaliation. Plaintiff claims that his allegations that he "worked for" defendant is sufficient to state that he was employed by defendant, and he asserts that his allegation that he was "older" is sufficient to support an inference that was more than 40 years old when his job was terminated. Dkt. # 13, at 2. As to plaintiff's employment status, plaintiff will be required to provide greater clarification concerning the nature of his employment relationship with American. Many insurance sales agents work as independent contractors and are not directly employed by an insurance company, and American intends to defend against plaintiff's claims on the ground there was no employment relationship. Dkt. # 7, at 5. Plaintiff's vague allegation that he "worked for" American

3

is insufficient under the circumstances, and he has not adequately alleged that he had an employment relationship with American. Plaintiff should also more clearly allege that he is in the class of persons protected by the ADEA.

The Court finds that plaintiff's claims should be dismissed for failure to state a plausible claim under Rule 12(b)(6). Plaintiff's petition fails to allege even the most basic facts in support of an age discrimination claim, such as his age and the existence of an employment relationship. Plaintiff's allegations concerning American's alleged discriminatory conduct are no better, as his claims are based on his "understanding" that American wanted to replace him with a younger agent. Id. at 2. The mere fact that American may have engaged in a reduction in force does not automatically mean that American engaged in prohibited workplace discrimination, and plaintiff must allege some facts suggesting that he was treated differently than similarly situated workers below the age of 40. Plaintiff is not required to allege each element of a prima facie case to state a plausible age discrimination claim, but he must allege some facts supporting an inference that discriminatory conduct occurred in order to survive a motion to dismiss. Plaintiff's response fails to identify any such facts alleged in the petition, but he claims that it is not necessary for him to make such allegations. Plaintiff states that he "did not name his alleged comparators nor his supervisor and others that made the discriminatory comments," but "[d]efendant certainly knows its own employees and has fair notice of Plaintiff's claims." Dkt. # 13, at 2. Plaintiff may not rely on defendant's purported knowledge of the factual basis for his discrimination claims as a means of saving his inadequately pled claims. As explained by the Tenth Circuit in Robbins, the Federal Rules of Civil Procedure contain separate requirements that a plaintiff state a plausible claim and give fair notice of his claim to the opposing party. Robbins, 519 F.3d at 1247-48. American is not

required to guess as to the factual basis for plaintiff's claims, and Fed. R. Civ. P. 8(a) puts the burden on plaintiff to show that he is entitled to relief and give adequate notice to the opposing party. The Court will grant American's motion to dismiss (Dkt. # 7), but the Court will permit plaintiff to file an amended complaint more clearly stating his ADEA claims.

**IT IS THEREFORE ORDERED** that Defendant American National Insurance Company's Motion to Dismiss and Brief in Support (Dkt. # 7) is **granted**. Plaintiff may file an amended complaint realleging his ADEA discrimination and retaliation claims no later than **June 13, 2023**, and plaintiff is advised that failure to file an amended complaint will result in this dismissal of this case.

**DATED** this 6th day of June, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE